**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Baltimore Division**

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| JEFFREY SPALDING SHAVER | * | Case No.: 09-22892-NVA |
| | * | |
| Debtor | * | Chapter 13 |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OBJECTION TO CONFIRMATION**

Gerard R. Vetter, Trustee, objects to confirmation of the plan proposed by the Debtor in this case for the following reason(s):

[___] 1. The Plan as filed does not provide for full payment of all claims entitled to priority under 11 U.S.C. § 507, as required by 11 U.S.C. § 1322(a)(2).

[___] 2. The Plan classifies claims, but does not provide the same treatment for each claim within a particular class, as required by U.S.C. § 1322(a)(3).

[___] 3. The Plan as filed does not propose to pay to the holders of allowed unsecured claims an amount that is not less than those claimants would receive if the estate of the Debtor were liquidated under Chapter 7 of the Bankruptcy Code. Accordingly, the Plan does not satisfy the requirements of 11 U.S.C. §1325(a)(4).

[___] 4. The Plan as filed does not provide for payments to the holders of allowed secured claims in equal monthly amounts, as required by 11 U.S.C. §1325(a)(5)(B)(iii).

[___] 5. The Trustee has not received any plan payments from the Debtor. The Debtor has failed to commence making timely payments as required by 11 U.S.C. §1326. This failure to make payments shows that the Debtor will not be able to make all payments under the Plan and to comply with the Plan, as required by 11 U.S.C. § 1325(a)(6).

[ **X** ] 6. The amount shown on Line 20.c. of the Debtor's Schedule J is significantly less than the amount of the Debtor's proposed monthly Plan payment. This disparity shows that the Debtor will not be able to make all payments under the Plan and to comply with the Plan, as required by 11 U.S.C. § 1325(a)(6).

[___] 7. The Debtor has not paid all amounts that are required to be paid under a domestic support obligation, as required by 11 U.S.C. § 1325(a)(8).

[___] 8. The Debtor has not filed all applicable Federal, State and local tax returns as required by 11 U.S.C. § 1325(a)(9).

[___] 9.   The Plan fails to provide that all of the Debtor's projected disposable income will be applied to payments under the Plan.  Accordingly, the Plan does not satisfy the requirements of 11 U.S.C. §1325(b)(1)(B).

[ X ] 10.  Because the Debtor has received substantial tax refunds in recent years, it is reasonable to assume that the Debtor will receive similar refunds upon the filing of tax returns during the term of the Plan.  The Debtor's Plan, however, fails to provide for the payment of these tax refunds to the Trustee.  Accordingly, the Plan fails to provide that all of the Debtor's projected disposable income will be applied to make payments to unsecured creditors under the Plan.  The Plan does not satisfy the requirements of 11 U.S.C. § 1325(b)(1)(B).

[ X ] 11.  The Debtor's Schedule J reflects the following monthly expenses that are not reasonably necessary to be expended for the maintenance or support of the Debtor as required by 11 U.S.C. §§1325(b)(1)(B) and 1325(b)(2):

   a.  Automobile expense in the amount of $1,204.00.

[ X ] 12.  The Debtor's Schedule I reflects that the Debtor makes a contribution of $516.00 a month toward receivables-promotions.  This is not reasonable and necessary to be expended for the maintenance or support of the Debtor as required by 11 U.S.C. §§1325(b)(1)(B).

**DEBTOR(S) TAKE NOTICE:  If you wish your case to continue, you MUST attend your confirmation hearing scheduled for October 6, 2009 at 2:00 pm.  You MUST bring with you to the hearing a CASHIER'S CHECK OR MONEY ORDER to cover the payments due under your plan.  DO NOT BRING A PERSONAL CHECK! If you believe plan payments have been made as due, then you must bring with you to the hearing full documentation of the payments, including photocopies of the reverse side of each check/money order which show what date each payment was processed by the Trustee's bank.**

    Respectfully submitted,

    /s/Gerard R. Vetter
    Gerard R. Vetter
    Chapter 13 Trustee
    100 S. Charles Street, Suite 501
    Tower II
    Baltimore, Maryland 21201-2721
    Phone: (410) 400-1333
    Fax: (410) 400-1301
    E-mail:  khadijac@grvch13.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this paper was served on August 31, 2009, electronically to those recipients authorized to receive a Notice of Electronic Filing by the Court, and/or by first class mail, postage prepaid to:

Jeffrey Spalding Shaver
958 Tidewater Road
Pasadena, MD 21122

Steven E. Mirsky, Esq.
401 N. Washington Street
Suite 550
Rockville, MD 20850
Counsel for Debtor

/s/Gerard R. Vetter
Gerard R. Vetter